IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

OFF LEASE ONLY INC.,

      Plaintiff,                                                    JURY TRIAL DEMANDED

v.

EXPERIAN INFORMATION SOLUTIONS, INC
dba AUTOCHECK

      Defendants.
_____/

## COMPLAINT

The Plaintiff, OFF LEASE ONLY INC. (hereinafter referred to as "OFF LEASE"), by and through its undersigned attorneys, hereby files suit against EXPERIAN INFORMATION SOLUTIONS, INC. dba AUTOCHECK (collectively referred to as "AUTOCHECK"), and in support states:

### Jurisdiction Allegations

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as the Plaintiff is a citizen of the State of Florida, while the Defendant, AUTOCHECK is a citizen of the State of Delaware, and the amount in controversy is in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

2. Venue is proper in this District because the acts and practices constituting violations of the statutes cited herein upon which the Complaint is based occurred within the Southern District of Florida.

## The Parties

3.  OFF LEASE is a Florida corporation, and at all times material, conducted business in the Southern District of Florida.

4.  AUTOCHECK is a Delaware Corporation and conducts its business primarily on the Internet.

5.  The cause of action occurred in the Southern District of Florida.

## Factual Background

6.  The Defendant, through its failure or refusal to provide complete and accurate information on its Vehicle History Reports, has knowingly misled the consuming public into believing that certain vehicles sold at auction have salvage branded titles, causing the value of these vehicles to be artificially depreciated.

7.  OFF LEASE, the Plaintiff in this case, is the largest independent used car dealership by volume in Florida, and one of the largest in the United States, and began its business of purchasing and reselling used motor vehicles in March 2004. Its primary paradigm is to purchase mainly formerly-leased vehicles at auction and resell them to retail customers through both its physical dealerships located throughout Florida and online on its website, www.offleaseonly.com. OFF LEASE uses only the highest of ethics and honesty in its business practices using a standard non-negotiable, fair sales price for all of the vehicles it offers for sale.

8.  Part of OFF LEASE's success is its transparent policies, such as providing free vehicle history reports on its vehicles, disclosing whether a vehicle has had a previous accident if OFF LEASE is aware, allowing the customer to have its vehicles independently inspected, and providing a 5-day/500-mile exchange policy.

OFF LEASE ONLY, INC.
827 SOUTH SR7, NORTH LAUDERDALE, FLORIDA 33068
TELEPHONE: (561) 222-2277

9. AUTOCHECK, the Defendant, claims to be a global leader in providing information, analytical and marketing services to organizations and consumers to help manage the risk and reward of commercial and financial decisions.

10. AUTOCHECK advertises that it has a comprehensive understanding of individuals, markets and economies, to help organizations find, develop and manage customer relationships to make their businesses more profitable.

11. While AUTOCHECK offers to the consuming public a "Vehicle History Report" claiming:

> An AutoCheck® vehicle history report helps [the consumer] understand a vehicle's history, enables [the consumer] to compare similar vehicles [the consumer] may be considering and helps [the consumer] select the vehicle that's right for [the consumer]. This has been AutoCheck's mission since it debuted over 10 years ago, and it is a mission that continues through relationships with trusted industry leaders such as NADAguides.com, CarMax, eBay Motors, Kelley Blue Book and Edmunds.com.

In reality, AUTOCHECK is in the business of marketing its data and supporting its paying Auto Dealer clients. AUTOCHECK advertises to the auto industry that it will help auto dealerships find their most profitable prospects, and how to target them. As such, the "Vehicle History Reports" are not simply an unbiased standard report of historical information, but the information and the style of the reports is purposely manipulated to specifically cater to the needs of its auto dealer customers.

12. AUTOCHECK, in an effort to cater to its largest auto dealer customers, such as Carmax, has actively chosen to manipulate events in its vehicle history reports in a way which conforms to Carmax business model, and in turn also negatively impacts Carmax's closest competitors, such as OFF LEASE.

3

13. OFF LEASE, as its name suggests, primarily purchases vehicles at the end of their lease agreements. These vehicles are typically late model, low mileage vehicles still covered under factory warranties.

14. These formerly-leased cars are for the most part owned by the Manufacturer's Finance Companies, who after the end of a lease, sell these vehicles to wholesalers such as OFF LEASE at large auto auctions.

15. Most, if not all of the major auction houses are members of the National Auto Auction Association (hereinafter, "NAAA"), which governs a standard of practice for its member auction houses.

16. The NAAA sets guidelines for the sale of vehicles, including an arbitration policy which allows a buyer to arbitrate and return a vehicle if there is damage which was not disclosed at the time of sale.

17. As part of it arbitration policy, NAAA has specific guidelines for the announcements for a vehicle which would limit the items which can be arbitrated. Such announcements include those with prior damage of repairs; depending on the component of a vehicle which has been previous repaired, a Seller at the auction may announce the vehicle as having "frame" or "structural" damage.

18. These auction announcements do not distinguish something as minor as a 1/8 inch dent on the quarter panel of a vehicle from a vehicle which has sustained substantial damage. In fact, many of these vehicles are sold with green lights clearance These announcements are simply an indicator in the Wholesale industry what items are not arbitrable after the sale.

19.     Initially, AUTOCHECK posted auction announcements as simply an event in the history of a vehicle. However, it appears in or about 2014, AUTOCHECK changed how it reported these announcements, making them appear to be brands against vehicle's title.

20.     AUTOCHECK is well aware that these announcements are simply disclosures for the arbitration policy, but have chosen to report them in a section of their report, which states "State Title Brands and other Major Problem."

21.     For example, OFF LEASE purchased at a Manheim Auction a 2016 Subaru Forester. This car was deemed at 3.7 on a scale of 1-5, had only minor paint-less dent repair, and had no accident history.  A copy of the Condition Report is attached hereto and marked as Exhibit "A."

22.     AUTOCHECK on the very first page of its report with a large red exclamation point warns potential customers:

State Title Brand and Other Problem Check

Title brand(s) or other major problem(s) reported

23.     A potential consumer is next directed to the subsection relating to State Title Brands and other problems and describes events published in this section as:

State Title Brand and Other Problem Check

Problem Reported: AutoCheck's database for this 2016 Subaru Forester 2.5i Premium (JF2SJADC7GH557064) shows a title brand reported by a state agency or other negative event reported by a data source that is not a state agency. When displayed on AutoCheck, these events can indicate serious past damage or other significant problems. Review the Vehicle Use and Event Check for reported accidents.

24. Another vehicle suffering the same fate was a 2017 Chevrolet, which was sold at auction with a grade of a 4.9 on a scale of 1-5. This vehicle received an almost perfect score, and only had one repair done to its C Pillar. A copy of the Condition Report is attached hereto and marked as Exhibit "B."

25. Yet AUTOCHECK again branded this vehicle with the same large red exclamation point warning potential customers that this vehicle had a title brand or major problem. A copy of the Autocheck Report is attached hereto and marked as Exhibit "C."

26. AUTOCHECK is well aware that these vehicles are sold with condition reports, which are provided to the wholesale buyers at these auctions, but instead of verifying the underlying cause of the auction arbitration announcement, it spins the worst interpretation in an effort to inflame its reader and instill that this vehicle is unsafe and unsalable.

27. As a result of AUTOCHECK's misleading categorization of these auction announcements, OFF LEASE has been negatively impacted because finance companies have refused to finance these vehicles, Uber refuses to allow these vehicles to be used for its services, and OFF LEASE has faced lawsuits claiming to have sold vehicles which were in essence "wrecks."

28. AUTOCHECK's vehicle history reports have had an even greater effect on the public at large. Those vehicles with AUTOCHECK's misleading disclosures have been artificially devalued, and in effect have cost consumers thousands of dollars in lost value upon trade in or resale.

29. OFF LEASE has reached out a number of times the past two years to AUTOCHECK to correct its reporting. However, AUTOCHECK has only compounded the issue by making the reporting language even more inflammatory.

30. As a result of the Defendant's actions, OFF LEASE has been forced to file this action and has an obligation to pay its attorney's fees and costs.

**COUNT I – Violation of the Florida Deceptive and Unfair Trade Practices Act**

31. OFF LEASE realleges and reaffirms the allegations contained in Paragraphs 1 through 30 as though fully set forth in this Count.

32. This is an action for violation of Florida Statute § 501.201, *et seq.*, commonly known as the "Florida Deceptive and Unfair Trade Practices Act" ("FDUPTA").

33. At all times material, OFF LEASE was an "interested party or person" as defined under Florida Statute § 501.203(6).

34. By virtue of the acts described above, AUTOCHECK was engaged in "trade or commerce" as defined under Florida Statute § 501.203(8).

35. AUTOCHECK publishes for sale vehicle history reports, which are purported to assist potential buyers and sellers in determining the condition, prior use, and title history of a vehicle.

36. AUTOCHECK has been arbitrarily updating its vehicle history reports after vehicles have been sold at wholesale auctions, using the auction announcements to falsely mislead the consuming public that the vehicles with NAAA Arbitration Announcements have branded titles or major problems.

37. AUTOCHECK is not simply disclosing the history event of auto auction announcements, but is rather formulating its own standard of reporting which is contrary to industry standard.

38. AUTOCHECK has been notified of the discrepancies between its reports and the actual title history of the vehicles, but it refuses to change its practices and correct its misstatements of fact.

39. Potential buyers and those who had already purchased affected vehicles from OFF LEASE have now been misled to believe that the vehicles that they were interested in purchasing or have already purchased have branded titles or major damage.

40. AUTOCHECK, through its lack of verification and complete disregard for industry standards, has effectively depressed the fair market value of thousands of vehicles.

41. As more particularly described above, AUTOCHECK has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204(1).

42. As a direct and proximate result of the violation of FDUPTA, OFF LEASE has been damaged.

43. The false reporting by AUTOCHECK has damaged OFF LEASE as OFF LEASE has received Better Business Bureau complaints, and the false reporting has been the subject of lawsuits against OFF LEASE.

44. As a result of AUTOCHECK's false reporting, OFF LEASE has been damaged by lost revenue.

WHEREFORE, the Plaintiff, OFF LEASE ONLY, INC., respectfully requests that this Honorable Court enter judgment against the Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., and in favor of the Plaintiff, OFF LEASE ONLY, INC., for injunctive relief, together with attorney's fees and costs pursuant to Florida Statute § 501.2105, and any such further relief this Court deems just and proper.

**COUNT II- DEFAMATION - LIBEL**

45. OFF LEASE avers all of the allegations in paragraphs 1 through 30 and incorporates them as if fully set forth herein.

46. The Defendants made and published statements of fact and/or statements of mixed opinion and fact in an intentionally false, malicious, or otherwise defamatory manner, with reckless disregard for the truth, and distributed the same to customers and potential customers of OFF LEASE.

47. The statements made by AUTOCHECK had, and continue to have, a defamatory effect, because they have resulted in an adverse effect to the reputation of OFF LEASE, in the automotive industry.

48. The statements made by AUTOHECK has had, and continues to have, the effect of tarnishing OFF LEASE's reputation for honest business dealings. AUTOCHECK's actions have impaired OFF LEASE's business practices, in which OFF LEASE takes a great amount of pride. AUTOCHECK's actions have already caused, and will continue to cause harm to OFF LEASE's reputation, which is of utmost importance in its day-to-day dealings.

49. AUTOCHECK specifically and unambiguously falsely reported that vehicles sold and offered for sale by OFF LEASE with auction arbitration announcements had branded titles or serious past damage or other major problems, thus significantly reducing the market value of the vehicles.

50. The Defendants specifically and unambiguously published that the 2016 Subaru Forester had a title brand or serious past damage.

51. The statements made and published to a third party by AUTOCHECK about OFF LEASE's vehicles with auction arbitration announcements are patently false.

52. AUTOCHECK made the defamatory statements on reports which it published and distributed to third parties.

53. AUTOCHECK has caused the false and defamatory information to be published with knowledge of its falsity and/or with reckless disregard for the truth.

54. In the alternative, AUTOCHECK made and published the defamatory statements with negligent disregard for the truth.

55. As a direct and proximate cause of the AUTOCHECKS's defamatory statements, OFF LEASE has suffered, and continues to suffer, compensable and pecuniary damages. Specifically, but without limitation, OFF LEASE has experienced and continues to experience litigation costs, damage to reputation, and loss of revenue due to lost business.

56. OFF LEASE has incurred and continues to incur attorneys' fees and other costs and expenses.

WHEREFORE, the Plaintiff, OFF LEASE ONLY, INC., respectfully requests that this Honorable Court enter judgment against the Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., and in favor of the Plaintiff, OFF LEASE ONLY, INC., for compensatory damages, punitive damages, attorney's fees and costs, and any such further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, OFF LEASE ONLY, INC., pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated: March 12, 2018

> Respectfully submitted,
>
> /s/ Ejola Christlieb Cook
> EJOLA CHRISTLIEB COOK
> Florida Bar No. 10327
> Service Email: court@offleaseonly.com
> Email: ejolac@offleaseonly.com
> **OFF LEASE ONLY, INC.**
> 827 South SR7
> North Lauderdale, Florida 33068
> Telephone: 561-222-2277
> Fax: 954-901-2681